**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-04803-NYW

KEVIS MANUEL RAMOS DEL TORO,

Petitioner,

v.

WARDEN, DENVER CONTRACT DETENTION FACILITY, and
FIELD OFFICE DIRECTOR,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter comes before the Court on the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Respondents have responded to the Petition. [Doc. 7]. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature"). For the reasons set forth in this Order, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner Kevis Manuel Ramos Del Toro ("Petitioner" or "Mr. Ramos Del Toro") is a citizen of Venezuela. [Doc. 1 at 10]. He entered the United States on or about November 20, 2023, without inspection. [*Id.*]. Petitioner initially resided in Chicago, Illinois, where removal proceedings were initiated. [*Id.*]. He later relocated to Colorado with his wife in May of 2026. [*Id.*]. On July 14, 2026, Petitioner was taken into custody

by Immigration and Customs Enforcement ("ICE") officers at a scheduled Intensive Supervision Appearance Program ("ISAP") office appointment. [*Id.* at 14]. He was transported to the Denver Contract Detention Facility, where he remains. [*Id.*]. Petitioner requested a custody redetermination under 8 C.F.R. § 1236. [*Id.*]. On September 8, 2026, at his custody redetermination hearing, an immigration judge denied bond and found, "in a conclusory fashion," that Petitioner was "a danger and also a fight risk and that the risk would not be mitigated by a bond amount or alternates to detention." [*Id.*]. Petitioner alleges that the denial of bond "fits a documented pattern of boilerplate bond denials at this facility." [*Id.* at 13].

He asserts two claims, which he titles: (1) "The immigration Judge's denial of bond violated Petitioner's Fifth Amendment right to due process because finding that Petitioner is a flight risk was not based on individualized evidence, but on factors that would apply to practically any detained noncitizen[;]" and (2) "Petitioner's continued detention is unlawful because Respondents have not shown, by clear and convincing evidence, that no condition or conditions of release would reasonably assure Petitioner's appearance or the safety of the community." [*Id.* at 6]. For relief, he requests a new, individualized bond hearing at which the government bears the burden of proving by clear and convincing evidence that Petitioner is flight risk or a danger to the community or, in the alternative, immediate release from custody subject to conditions of supervision. [*Id.* at 7].

In their Response, Respondents state that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 9 at 1]. They "recognize that the Court may then decide to grant the Petition and award appropriate relief." [*Id.*]. Further, Respondents state that "if the Court does grant the

Petition, the appropriate relief would be an Order directing that Respondent[s], within seven days of this Court's Order, release Petitioner from detention." [*Id*. at 1–2 (emphasis in original) (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026))].

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

By not substantively responding to the Petition and arguing that "appropriate relief" would be to order Petitioner released from detention, *see* [Doc. 7 at 1–2], Respondents effectively concede that Petitioner is currently detained under § 1226(a). This section "sets forth 'the default rule' for detaining noncitizens 'already present in the United States,'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)), and establishes a discretionary framework for the detention of noncitizens pending removal proceedings, *see* 8 U.S.C. § 1226(a)(1)–(2). Under 8 U.S.C. § 1226, the Attorney General may arrest and detain a noncitizen pending a final decision on whether the noncitizen is to be removed from the United States ("the pre-removal period"). During

this pre-removal period, a noncitizen has the right under § 1226(a) to a hearing before an Immigration Judge to determine whether he or she should be released on bond during the removal process. Courts in this District, including this Court, have generally found that the burden of proof should rest with the Government to prove that Petitioner is a flight risk and/or a danger to the community such that continued detention is necessary. *See, e.g.*, *Guzman Torres v. Baltazar*, No. 26-cv-03265-CNS, 2026 WL 2267182, at *1 (D. Colo. Aug. 6, 2026) (Sweeney, J.) (granting habeas petition where the petitioner bore the burden at his bond hearing, so hearing was constitutionally inadequate); *Merino-Moran v. Baltasar*, No. 26-cv-01309-RMR, ECF No. 15 at 6–7 (D. Colo. Apr. 24, 2026) (Rodriguez, J.) (granting habeas petition because "the burden of proof should have been placed on the Government" at the petitioner's bond hearing); *Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936, at *2 (D. Colo. Nov. 14, 2025) (Gallagher, J.) (finding that the respondents' "failure to provide Petitioner with a detention hearing at which the government bore the burden of proof violated her Fifth Amendment rights"); *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) (Martínez, J.) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up)).

Here, Petitioner argues that "the denial of bond rested on considerations that would apply to practically any detained noncitizen, not on individualized evidence that Petitioner himself presents a risk of flight or danger." [Doc. 1 at 9]. Petitioner has attached the immigration judge's written order denying a change in custody status. *See* [*id.* at 17]. In the order, the immigration judge states: "[f]or the reasons stated at the custody determination hearing, the Court finds that [Mr. Ramos Del Toro] is a danger and also a

flight risk and that the risk would not be mitigated by a bond amount or alternates to detention." [*Id.*]. The immigration judge's order does not demonstrate that the burden of proof was placed on the Government to prove that Petitioner is a flight risk and/or a danger to the community such that continued detention is necessary. Further, the order does not show that the immigration judge considered specific factors specific to Mr. Ramos Del Toro. Respondents, by not contesting the Petition, have effectively conceded that Petitioner's allegations are correct. Further, Respondents state that if the Petition is granted, the appropriate relief is an order that Petitioner be released. *See* [Doc. 7 at 1–2]. Therefore, the Petition will be **GRANTED**, and Respondents will be ordered to release Mr. Ramos Del Toro.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED**;

(2) Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petitioner from custody; and

(3) On or before **October 26, 2026**, Respondents **SHALL FILE** a status report confirming that Petitioner was released and indicating whether any additional proceedings in this matter are required.

DATED: October 16, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge